UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY DAVIS, *Pro Se*, | ) | Case No.: 1:25 CV 1487 |
| Plaintiff | ) ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) | |
| DOCTOR NURSE PRACTITIONER WHEELER, *et al.*, | ) ) ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants | ) | AND ORDER |

**Background**

*Pro Se* Plaintiff Larry Davis, an inmate in Richland Correctional Institution, has filed an *in forma pauperis* prisoner civil rights complaint in this case against multiple Defendants, including "Doctor Nurse Practitioner" Wheeler, Nurse Practitioner Sheela Elden, Doctor Brill, Doctor Eddie, Angela Stuff, Ohio Department of Rehabilitation and Correction Director Annette Chambers-Smith, Governor Mike DeWine, and Unit Manager Mrs. Rhee. (Doc. No. 1.)

His handwritten form complaint and additional attached pages, however, are almost entirely illegible and fail to set forth specific factual allegations or legal claims against each Defendant. Instead, his pleading consists of an amalgam of conclusory or incomprehensible statements and legal assertions, unconnected to cogent underlying facts. Referencing a "Mr. and Mrs. Rhea," Plaintiff's complaint states that "each Defendant work[s] under color of state & federal laws . . . outside the scope [of their jobs] to violate Mr. and Mrs. Rhea['s] constitutional rights and [to] inflict multiple damages." He then sets forth a numbered, almost entirely illegible list of over forty unexplained

grievances and purported civil rights violations, apparently related to his medical care or treatment in prison. (*Id*. at Page ID ## 13-14.)

For relief, he indicates he seeks damages and "TPO's and TRO's." (*Id.* at Page ID # 16, ¶ V.)

## Standard of Review and Discussion

Because Plaintiff is proceeding *in forma pauperis* and seeks redress from governmental defendants, his complaint is subject to screening under 28 U.S.C. §§ 1915(e) and 1915A. Those statutes require federal district courts to screen all *in forma pauperis* complaints filed in federal court, and any complaint in which a prisoner seeks redress from governmental defendants, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

To survive a dismissal for failure to state a claim, a *pro se* complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under §§ 1915(e) and 1915A). Detailed factual allegations are not required, but the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Further, although *pro se* pleadings are generally liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S.

364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment generally accorded *pro se* plaintiffs "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must meet basic pleading requirements, and courts are not required to conjure allegations or create claims on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 2001 WL 1556573 (6th Cir. Dec. 4, 2001).

Upon review, the Court finds that Plaintiff's complaint warrants *sua sponte* dismissal pursuant to §§ 1915(e) and 1915A. Even liberally construed, the statements and allegations set forth in his complaint are so unclear, convoluted, and conclusory that they fail to meet basic federal pleading requirements necessary to state a claim or to give Defendants fair notice of the basis of his claims. Accordingly, the complaint fails to raise a right to relief, on any federal claim against any Defendant, above a speculative level. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

The Sixth Circuit "has consistently held that damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg. Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (emphasis in original); *see also Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012), quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)("damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did . . . "). In addition, supervisory officials and employees

3

cannot be held liable under § 1983 solely on the basis of *respondeat superior* or denying a prisoner's administrative grievance. *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Accordingly, where, as here, individuals are merely named as defendants in a civil rights action without supporting allegations of specific conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights). Plaintiff's complaint fails to clearly allege what specific federal rights violations he alleges against each Defendant, or facts plausibly suggesting that any Defendant engaged in conduct that violated his rights.

Further, Plaintiff has failed to demonstrate entitlement to an type of "TPO" or "TRO." Temporary or preliminary injunctive relief is "an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Whether to issue a temporary restraining order is within the discretion of the district court based on various factors: (1) whether the movant has shown a strong or substantial likelihood of success on the merits and (2) that he would suffer irreparable injury without the injunction; (3) whether the preliminary injunction will cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *Planned Parenthood Ass'n v. City of Cincinnati*, 822 F.2d 1390, 1396

(6th Cir. 1987). Plaintiff has not demonstrated a likelihood of success on the merits on any federal claim against any Defendant or any factor weighing in favor of any form of temporary or other injunctive relief.

## Conclusion

Accordingly, Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) in this case is granted, and his complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

October 10, 2025